1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE E. DASH,

11            Plaintiff,                No. 2:09-cv-1193 JAM JFM (PC)

12        vs.

13   D. CONTRERAS, et al.,

14            Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on Eighth Amendment claims raised against two

18   correctional officer defendants named in plaintiff's original complaint.  On September 24, 2009,

19   defendants filed a motion to dismiss for failure to exhaust administrative remedies prior to suit.

20   Plaintiff has filed an opposition and defendants filed a reply.

21            Defendants seek dismissal of this action due to plaintiff's failure to exhaust

22   administrative remedies prior to suit.  On July 1, 2009, the court advised plaintiff of the

23   requirements for opposing a motion to dismiss for failure to exhaust administrative remedies

24   pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b).  See Wyatt v. Terhune, 315

25   F.3d 1108, 1120 n.14 (9th Cir. 2003).

26   /////

1

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)."

<u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the

filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

requirement during the course of an action.  <u>Id</u>. at 1200.  Defendants have the burden of proving

that plaintiff failed to exhaust available administrative remedies.  <u>See Wyatt</u>, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step
> grievance process for prisoners who seek review of an
> administrative decision or perceived mistreatment. Within fifteen
> working days of "the event or decision being appealed," the inmate
> must ordinarily file an "informal" appeal, through which "the
> appellant and staff involved in the action or decision attempt to
> resolve the grievance informally."  Cal.Code Regs., tit. 15, §§
> 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
> resolved during the informal appeal, the grievant next proceeds to
> the first formal appeal level, usually conducted by the prison's
> Appeals Coordinator.  <u>Id</u>. §§ 3084.5(b), 3084.6(c). Next are the
> second level, providing review by the institution's head or a
> regional parole administrator, and the third level, in which review
> is conducted by a designee of the Director of the Department of
> Corrections.  [Footnote omitted.]  <u>Id</u>. § 3084.5(e)(1)-(2).

<u>Brown v. Valoff</u>, 422 F.3d 926, 929-30 (9th Cir. 2005.)

In support of their motion to dismiss, defendants have presented evidence that

plaintiff submitted a grievance on April 3, 2009 concerning the May 18, 2008 incident and the

use of force used to stop an altercation between plaintiff and another inmate.  Plaintiff's inmate

appeal was screened out at the informal level of review because too much time had passed

between the date of the incident and the filing of the inmate appeal.  On April 8, 2009, plaintiff

wrote a letter to the inmate appeals office regarding this appeal.  Plaintiff was again informed

that the appeal was not timely filed and would not be accepted.  Defendants argue that the fact

that plaintiff's administrative grievance was rejected as untimely demonstrates that plaintiff did

not properly exhaust his administrative remedies.

1         Plaintiff contends that the day after the incident he was transferred to a crisis bed

2 unit in another prison for mental health reasons, and that the paperwork did not follow him until

3 August 25, 2008.[1]

4         The United States Supreme Court has held that 42 U.S.C. § 1997e(a) "requires

5 'proper exhaustion of administrative remedies,' . . . so 'a prisoner must complete the

6 administrative review process in accordance with the applicable procedural rules, including

7 deadlines, as a precondition to bringing suit in federal court.'" Ngo v. Woodford, 539 F.3d 1108,

8 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2384

9 (2006).  As a general rule, the time for filing a grievance runs from the date on which "a prisoner

10 'had notice of all the wrongful acts she wished to challenge. . . .'" Ngo, at 1109 (quoting Knox

11 v. Davis, 260 F.3d 1009, 1014 (9th Cir. 2001)).

12         Under applicable regulations, plaintiff had fifteen days from "the event or decision

13 being appealed" in which to file his inmate grievance.  Cal. Code Regs. tit. 15, § 3084.6(c).

14 Plaintiff has failed to explain why he did not file his inmate appeal on or after August 25, 2008,

15 when he received the paperwork concerning the underlying incident, or why he waited until April

16 3, 2009, over seven months later, in which to file his first informal appeal.  Moreover, the ad seg

17 placement notice appended to plaintiff's complaint confirms that plaintiff was released from

18 mental health crisis bed status on June 2, 2008.  (Id., at 9.)

19         For the foregoing reasons, this court finds that plaintiff failed to comply with the

20 fifteen-day time limit for submitting his administrative grievance and, therefore, that plaintiff

21 failed to properly exhaust administrative remedies prior to filing this action.  For that reason,

22 defendants' motion to dismiss should be granted.

23 /////

24

25    [1]  Although plaintiff argues he filed his appeal on the same day he was released from ad seg, his release date from ad seg has no bearing on the timing of his appeal from an incident that

26 took place on May 18, 2008.  Plaintiff's citation to Cal. Code of Regs., tit. 15 § 3383(c) is similarly unavailing as it does not authorize inmates to delay their submission of inmate appeals.

IT IS HEREBY RECOMMENDED that

1.  Defendants' September 24, 2009 motion to dismiss be granted;

2.  Plaintiff's § 1983 claims be dismissed for failure to exhaust administrative remedies prior to suit; and

3.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 29, 2009.

UNITED STATES MAGISTRATE JUDGE

001; dash1193.mtd

4